Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
NORTHERN District of OHIO

EASTERN Division

| | |
|---|---|
| LONNIE THOMPSON, | Case No. 1:23-cv-01656 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | HONORABLE JUDGE BARKER |
| -v- | MAGISTRATE JUDGE GRIMES |
| HENSLEY, et. al., | AMENDED COMPLAINT |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | LONNIE THOMPSON |
| All other names by which you have been known: | LONNIE THOMPSON |
| ID Number | # 640-614 |
| Current Institution | MADISON CORRECTIONAL INSTITUTION |
| Address | 1851 State Route 56, P.O. BOX 740 |
| | LONDON  OH  43140 |
| | *City*  *State*  *Zip Code* |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Ms. Hensley |
| Job or Title *(if known)* | Health Care Administrator |
| Shield Number | Mansfield Correctional Institution |
| Employer | Ohio Department of Rehabilitation & Correction |
| Address | 1150 N. Main Street |
| | Mansfield  OH  44901 |
| | *City*  *State*  *Zip Code* |

[XX] Individual capacity  [XX] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Ms. Newland |
| Job or Title *(if known)* | Nurse Practitioner |
| Shield Number | Mansfield Correctional Institution |
| Employer | Ohio Department of Rehabilitation & Correction |
| Address | 1150 N. Main Street |
| | Mansfield  OH  44901 |
| | *City*  *State*  *Zip Code* |

[XX] Individual capacity  [XX] Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name: Dr. Ojukwu
Job or Title (if known): Doctor
Shield Number: Mansfield Correctional Institution
Employer: Ohio Department of Rehabilitation & Correction
Address: 1150 N. Main Street
Mansfield       OH       44901
City            State    Zip Code

[XX] Individual capacity   [X] Official capacity

Defendant No. 4
Name: Kelli Cardaras
Job or Title (if known): Nurse Practitioner
Shield Number: Ross Correctional Institution
Employer: Ohio Department of Rehabilitation & Correction
Address: 16149 State Route 104
Chillicothe     OH       45601
City            State    Zip Code

[XX] Individual capacity   [XX] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[XX] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Please See Attached Sheet

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

\* Please see Attached Sheets \*

C. What date and approximate time did the events giving rise to your claim(s) occur? Through the complete years of April 2021 through August 2023

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* By all of the Defendants in this complaint, their misdiagnosis, their inactions of treatment, their wanton disregard of my health and me complaining constantly about me having trouble with cramps in my lower abdomen. With all of my urine tests resulting with high concentrations of proteins, keytones and blood in it. With me constantly having urinary tract INFECTIONS. Health Care Administrator Hensley telling my family members who came to the Mansfield Correctional Institution that I was being taken care of when she told me herself that there wasn't anything significantly wrong with me. Also telling me that I had a problem with anal retention. All of the defendants put me at risk with their wanton disregard for my well being and my health. Even Columbus denied me to see the Uroligist.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. I sustained a life long diagnosis of cancer of the bladder and the prostate that must be treated with radiation and chemotheorpy for the rest of my life. I must now wear adult undergarments for semi uncontrolable, painful urination along with constant urinary tract infections. All of this could and should have been prevented if the medical staff at Grafton, Mansfield and Ross Correctional institutions would have done their jobs of listening, acting accordingly to my complaints and giving me a serious intervention to what is now cancer. The defendants' deliberate indifference towards my care was and is unacceptable.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. That all of the defedants be held accountable for their actions, their inactions, their dereliction of their duties in their person and official capacity. That theybe demoted, if not fired. That policy be changed so that medical complaints be looked into more thoroughly and without prejudice. I request that a monotary loss of future earnings and health care be compensated for $25,000.000.00 That a lien be placed upon all property and assets owned by all defendants until this case is resolved and settled.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). Grafton Correctional Institution from April 04, 2021 Mansfield Correctional Institution from October 2021 through October 2022 and Ross Correctional Institution from October 2022 through August 2023.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[XX] Yes

[ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[ ] Yes

[ ] No

E. If you did file a grievance:

1. Where did you file the grievance? Mansfield Correctional Institution and Ross Correctional Institution

2. What did you claim in your grievance? That I was not receiving the correct diagnosis and I was not given the correct examination needed to prevent my final diagnosis of bladder and prostate cancer. The defendants not thoroughly investigating my symptoms of prolonged burning, painful and bloodly urinations was overlooked and disregarded as nothing. My Urinary Tract Infections were all tel-tel signs of a much more underlying problem than the medical staff cared to know or even wanted to know about.

3. What was the result, if any? Of course, the State of Ohio agreed with the institutional medical staff that they were following the Department of Rehabilitation and Correction's policy when it came to my medical problem. Although their policy placed me in harm's way and resulted in me having bladder and prostate cancer which could have and should have been prevented had the medical staff taken into great consideration all of my complaining and all of my pre-symptoms that lead up to me having cancer.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*
I appealed to the main office in Columbus, Ohio's Department of Rehabilitation and Correction. My grievance has been completed within the State of Ohio's Department of Rehabilitation and Correction.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here:

   2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

[XX] Yes

[ ] No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)    Lonnie Thompson

   Defendant(s)   Tim McConahay, Warden

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Northern District of Ohio at Cleveland

3. Docket or index number

   COA # 22-3412 - Originating Court : District 647-1:19-cv-00058

4. Name of Judge assigned to your case

   Sara Lioi

5. Approximate date of filing lawsuit

   01/09/2019

6. Is the case still pending?

   [ ] Yes

   [XX] No

   If no, give the approximate date of disposition    10/31/2022

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Case denied and dismissed

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 05, 2023

Signature of Plaintiff: *Lonnie Thompson*
Printed Name of Plaintiff: Lonnie Thompson
Prison Identification #: # 640-614
Prison Address: 1851 State Route 56, P.O. Box 740
London, OH 43140
*City / State / Zip Code*

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

*City / State / Zip Code*

Telephone Number
E-mail Address

**LONNIE THOMPSON v. HENSLEY, et. al.,**

Case No. 1:23-cv-01656

STATEMENT OF CLAIM

OF MS. NEWLAND, NURSE PRACTITIONER

Attached sheet

Ms. Newland, Nurse Practitioner, hereafter know as N/P Newland at Mansfield Correctional Institution, located at 1150 N. Main Street, Mansfield, OH 44901, between the dates of 10/04/2021 through 10/14/2022, did through her negligence, dereliction of duty and wanton disregard for my health and safety in her individual and official capacity caused me to have cancer of the prostate and of the bladder. How? She as a Nurse Practitioner should have known and did know by the constant symptoms of me having three to four Urinary Tract Infections within a six (6) month window of time. My constant complaining and going to Nurse's Sick Call and Doctor Sick Call complaining of complication of urination with a burning sensation whenever I urinated. The numerous urine analysis given to me and the urine test coming back with large amounts of blood, protein and ketones in my urine. It was completely obvious even to the layman that there was something wrong with my inability to urinate without passing blood, protein and ketones in my urine. N/P Newland, a person in position just below a doctor with a higher learning of education in the medical field necessary to become a Nurse Practitioner, would know and should have known that I was suffering from more than just a urinary tract infection. N/P Newland, on many accounts with seeing her on a patient level, informed me that there wasn't anything wrong with me other than me having urinary tract infection. N/P Newland prescribe numerous prescriptions of the medicine "Bactrium" an antibacterial medicine, which never did clear up the urinary tract infections. All of the time from me complaining for months, should have known that I had much more than just a urinary tract infection. N/P Newland, constantly ignored my physical symptoms of the pain that I was experiencing while I was under her immediate care for my health. All of the time, the cancer cells were allowed to mutate and grow from non-malignant cells into malignant cancer cells. I had even inquired to N/P Newland about the possibility of me having prostate cancer. Her reply was, "I don't believe you have prostate cancer". Even though I certainly had shown all of the signs of prostate and bladder cancer. N/P Newland never

aggressively pursued my complaints of urinary problems even with the complications having trouble to even have bowel movements. The actions and/or inactions of N/P Newland did cause me to have cancer of the prostate and the bladder due to her neglect, negligence, dereliction of her duties, deliberate indifference and wanton disregard for my safety and my health and wellbeing. She is culpable and should be held culpable as all of the defendants in this litigation. In her official and personal capacity N/P Newland as a licensed medical professional should have known that tumors do not come into your system as cancerous but become cancerous if left alone to mutate and to become cancerous. The Oncologist and the Urologist wo performed and overseen my operations informed me, the plaintiff of this known, universal and respected fact of the illness of cancer. Therefore, with all of the times that the plaintiff brought to the attention of the Medical Staff, (Ms. Hensley Health Care Administrator), (Nurse Practitioner Newland) and Dr. Ojukwu could have caught the plaintiff's cancer and stopped it from becoming cancer had they all have given the plaintiff early and preventive medical care.

**LONNIE THOMPSON v. HENSLEY, et. al.,**
Case No. 1:23-cv-01656
STATEMENT OF CLAIM
OF DR. OJUKWU
Attached sheet

Dr. Ojukwu, doctor at Mansfield Correctional Institution, located at 1150 N. Main Street, Mansfield, OH 44901 between the dates of 10/04/2021 through 10/14/2022, did through his negligence, dereliction of duty and wanton disregard for my health and safety in his individual and official capacity caused me to have cancer of the prostate and of the bladder. How? He as a trained doctor of medicine should have and did know that the symptoms that I was having and making known to him and his staff who worked under his immediate supervision, knew there was a greater problem with my urinary problems. Dr. Ojukwu, with his direct and indirect supervision of the medical staff that had medical knowledge of my problems should have requested a more intense and aggressive intervention into the plaintiff's health. Dr. Ojukwu went along with the Medical Director in Columbus, OH, who decides all referral of approvals of medical treatment for all incarcerated prisoners who may require medical attention or treatment outside of any prison institution to any outside civilian hospital out in society. Any doctor referral concerning the medical of any prisoner must be approved by the

Director of Medical in Columbus, OH. Dr. Ojukwu knew of the plaintiff's many and constant complaints of painful and bloody urine analyses that he would and did review when forwarded to him, Dr. Ojukwu by his staff of nurses and nurse practitioner. Dr. Ojukwu, with his medical training in the medical field, his experience in the medical field did know and should have known that there was a greater problem with the plaintiff's urinary system when he reviewed all test result of the plaintiff before he would see the plaintiff in his office. Every time that the plaintiff complained to Dr. Ojukwu, he would not insist on any type of referral from treatment. The one time that Dr. Ojukwu did ask for approval for the plaintiff to see the Urologist for having a Turp, (Tran Urethra Resection Prostate). Even when there was a referral ordered to have this done, the approval was denied by persons in the Columbus Medical Director's Office in Columbus, OH. It was told by this office in Columbus to have the plaintiff be tried with Alternate Medicine and to re-check urine and prostate PSA in (6) six months and if PSA was elevated then put in a new consult to see urology. Dr. Ojukwu reviewed all of the plaintiff's medical records with the urinary tract infections, prescribe numerous prescriptions of the medicine "Bactrium" an antibacterial medicine, along with the constant sick call appointments where the plaintiff complained of bloody and painful urinations. All of the tel-tel signs that there were obviously a more serious problem relating to the plaintiff's suffering. Dr. Ojukwu is culpable as all other defendants in this litigation through his actions and/or inactions directly caused the plaintiff non reversible and life long suffering through his wanton, disregard, deliberate indifference, negligence and failure to intervene the mistreatment of the plaintiff's health care by those under his immediate supervision and himself. Dr. Ojukwu is responsible for the treatment and the mistreatment of the plaintiff concerning his health care.

**LONNIE THOMPSON v. HENSLEY, et. al.,**

**Case No. 1:23-cv-01656**

**STATEMENT OF CLAIM**

**OF HEALTH CARE ADMINISTRATOR HENSLEY**

Attached sheet

Ms. Hensley, Health Care Administrator, hereafter known as (Ms. Hensley, HCA), at Mansfield Correctional Institution, located at 1150 N. Main Street, Mansfield, OH 44901 between the dates of October 04, 2021 through October 14, 2022 did with direct and/or indirect neglect and negligence cause harm to the plaintiff, Lonnie Thompson, by way of not correctly supervising the medical staff at Mansfield Correctional Institution who were directly under her supervision and having supervisory oversight over said medical staff. Ms. Hensley, through her negligence and her dereliction of her duties, allowed her medical staff to constantly delay immediate

and necessary medical attention to the plaintiff to prevent the plaintiff, Lonnie Thompson from developing cancer of the prostate and bladder. How could Ms. Hensley could have prevented this from happening to the plaintiff? Had Ms. Hensley taken the time out and did her job, to go over the plaintiff's medical records, with the plaintiff having constantly complained of bloody and painful urinations, having numerous urinary tract infections, having constant urine test come back with high counts of blood, protein and keytones in the urine. That should have given Ms. Hensley along with the nurse practitioner and the doctor a different understanding that there was a much more serious problem happening with the plaintiff. This careless and thoughtless decision made by Ms. Hensley, HCA caused unnecessary pain and suffering to the plaintiff. This illness could have been averted had Ms. Hensley, HCA did the correct oversight of the plaintiff's medical records. Ms. Hensley HCA had inquired to the nurse practitioner, Ms. Newland and the Doctor, Dr. Ojukwu, as to the plaintiff's medical problems with earlier intervention, there would have been a different outcome to the plaintiff's health. How? By having the required test of having an Turp, (Tran Urethra Resection Prostate) done earlier. Even when there was a referral ordered to have this done, the approval was denied by persons in the Columbus Medical Director's Office in Columbus, OH. It was told by this office in Columbus to have the plaintiff be tried with Alternate Medicine and to re-check urine and prostate PSA in (6) six months and if PSA was elevated then put in a new consult to see urology. This was time being wasted due to the fact that while the medical staff at Mansfield Correctional Institution along with the Medical Director's Office was deliberately denying the plaintiff immediate and necessary care. Anyone who took the time out to review the plaintiff's medical records would have and should have known that there was a greater problem with the plaintiff's urinary functions. Ms. Hensley HCA even went as far as to lie to the plaintiff's family members who called her on the phone to talk with her concerning the plaintiff's health problems. Ms. Hensley HCA informed my family members that there wasn't anything majorly wrong with the plaintiff other than a urinary tract infection. This statement made by Ms. Hensley was a total and complete lie. Ms. Hensley knew I was suffering from more than a urinary tract infection. Ms. Hensley HCA made a statement to me saying, "that I was anal retentive" concerning my medical health care. That I knew nothing about my symptoms or my illness. Ms. Hensley knew of the plaintiff's numerous nurse sick calls and doctor sick calls complaining of bloody and painful urinations. Ms. Hensley was the immediate supervisor of the whole Medical Staff at the Mansfield Correctional Institution and should have known every detail of the plaintiff's complaints once they were brought to her attention. Ms. Hensley HCA continued to lie about the plaintiff's health care the tumor, which was not cancerous when the plaintiff was complaining non-stop to the whole medical staff at Mansfield Correctional Institution, this litigation would not have to have been filed in court on the grounds of their negligence.

In her official and personal capacity Ms. Hensley HCA, as a licensed medical professional should have known that tumors do not come into your system as cancerous but become cancerous if left alone to mutate and to become cancerous. All of the symptoms that the plaintiff showed in all of the test given to him, should have alerted the medical staff. But they choose to ignore those signs and delay immediate medical attention and help

to cause the cancer of the plaintiff's prostate and bladder. The Oncologist and the Urologist who performed and overseen my operations informed me, the plaintiff of this known, universal and respected fact that cancer of the bladder and prostate do not enter into one's body already cancerous they develop over time and mutate into cancerous cells if left unattended by having a biopsy done early on in the medical care of a patient. There were plenty of time to diagnose the plaintiff's illness. Instead, all of the signs that there was something more significantly wrong with the plaintiff's health was always overlooked and discarded.

**LONNIE THOMPSON v. HENSLEY, et. al.,**

**Case No. 1:23-cv-01656**

**STATEMENT OF CLAIM**

**NURSE PRACTITIONER KELLI CADARAS**

Attached sheet

Defendant, Kelli Cadaras, Nurse Practitioner, hereafter known as (N/P Cadaras) at Ross Correctional Institution between the dates of October 14 ,2022 until August 02, 2022continued the mistreatment of my medical health care by the same negligence and the further continuance of misdiagnosis of my illness and after care. N/P Cadaras denied all of my medication that were ordered by the surgeon (urologist) and the (oncologist) from Ohio State University Hospital. They both ordered my medicine of "Ensure", a liquid protein for my weight gain and to sustain it due to me having to take immunotherapy for the rest of my life knowing that my immune system was compromised from the cancer treatment that I was and still am having done. This prescribed medicine was ordered to enhance and strengthen his immune system. The plaintiff is susceptible to all types of diseases such as COVID-19 and pneumonia due to the fact that the plaintiff's immune system is weaken. The urologist also ordered the medication of "Ditropoan", which is a medicine to treat the constant and continued bladder spasms that I have had and still am having due to the stint that is inside of my bladder and down into my urethra. I have to wear this stint for the rest of my life. N/P Cadaras constantly denied my request for these medicines. N/P Cadaras' continued denials caused the plaintiff unnecessary pain and suffering with her wanton and blatant disregard to my health and wellbeing was done in her official and personal capacity. N/P Cadaras should have known through her medical training and experience as a nurse practitioner not a doctor, that the plaintiff would and was suffering from pain from the operations that the plaintiff had been through and the stint that was up inside of the plaintiff. N/P Cadaras continued to disregard the plaintiff's constant complaining of pain in his groin and lower stomach area. N/P Cadaras should have taken the responsible decision to helping the plaintiff instead of continuing and furthering the plaintiff's suffering. N/P Cadaras made these deliberate and

harmful decisions with her direct action and/or inactions. She is culpable just as all of the defendants involved in this litigation.

As noted previously, N/P Cadaras should or did know with her medical training that something was definitely wrong with the plaintiff's urinary system if she had have reviewed the plaintiff's medical records from Mansfield Correctional Institution staff prior medical care. N/P Cadaras would have seen that from all of the Urinary Tract Infections, the complaining of painful and bloody urinations that the plaintiff was constantly having, she would not have denied the plaintiff his ordered medications and would not have caused the harm that she (N/P Cadaras) caused. N/P Cadaras made the decisions to not following the surgeon's prescribed orders then when she decided to make that decision, then she truly became complete and total decider in the plaintiff's health care provider. Even when those decisions were wrong and against the surgeon and the oncologist's direct orders. She, N/P Cadaras took on the role as be responsible for all health care treatment and decisions made as far as for the plaintiff's care.

After I had had my second Turp, this is the procedure where the surgeon places an endoscope into my urethra and removes the tumor from inside of my bladder and places a stint, (a small hollow tube) inside of my bladder and urethra to keep my urethra open for urinary functions. I am will always be in constant pain with bladder spasms. N/P Cadaras informed me when I saw her on a follow-up appointment with her by informing me by lying to me that my cancer was gone and that I was cured. As a Nurse Practitioner, N/P Cadaras did not have the knowledge nor the expertize to make such a statement to me. N/P Cadaras had enough knowledge to know by the plaintiff's kidney functions were starting to malfunction due to the high protein counts that were in the plaintiff's urine analysis. These were all tel-tel signs of problems with the plaintiff's urinary system. But she choose to cherry pick the plaintiff's health care by choosing the cheapest route. Believing that would solve the plaintiff's urinary problems.