# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Lonnie Thompson,** | : | |
| | : | **Case No. 1:23-CV-01656** |
| **Plaintiff,** | : | |
| | : | **Judge Pamela A. Barker** |
| v. | : | |
| | : | **Magistrate Judge James E. Grimes, Jr.** |
| **Ms. Hensley, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANT KELLI CARDARAS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT [DOC. 3]

Defendant, Kelli Cardaras ("Defendant"), by and through counsel, hereby files this Answer to Plaintiff's Amended Complaint [Doc. 3]. Prior to serving his Complaint [Doc. 1], Plaintiff moved this Honorable Court to Amend his Complaint on October 16, 2023, [Doc. 3], which was granted on January 9, 2024. [Doc. 9].

### FIRST DEFENSE

1. In response to any and all of Plaintiff's specific and general allegations against Defendant named in the Amended Complaint identified herein, Defendant, unequivocally denies said allegations and statements, both generally and specifically.

### SECOND DEFENSE - AFFIRMATIVE DEFENSES

2. Plaintiff has failed to state a claim upon which relief may be granted.

3. Plaintiff's Amended Complaint fails to state the deprivation of a constitutional right.

4. Plaintiff lacks standing, fails to assert justiciable claims, or has not suffered injuries or damages sufficient to support one or more of his Constitutional claims.

5. Plaintiff's Amended Complaint must be dismissed for failure to join a necessary party pursuant to Fed.R.Civ.P. 19.

6. At all times, Defendant acted reasonably and in good faith.

7. Plaintiff's Amended Complaint is barred by the doctrine of contributory negligence.

8. Plaintiff's claims are barred, in whole or in part, by supervening, intervening acts or omissions not under the control of Defendant, including but not limited to Plaintiff's own actions or omissions.

9. Defendant is entitled to immunity, including, but not limited to Eleventh Amendment, quasi-judicial, and qualified immunity.

10. To the extent that Plaintiff intends to seek monetary damages, Defendant asserts qualified immunity and that she complied in good faith with the law at all relevant times.

11. Plaintiff's claim for punitive damages is barred as to Defendant.

12. Plaintiff's claims are barred due to the independent acts/decisions of others over whom the Defendant had no control.

13. Plaintiff failed to name indispensable parties without whom complete relief is not possible.

14. 42 U.S.C. §1997e(a) demands dismissal of Plaintiff's Amended Complaint because he failed to exhaust available administrative remedies with regard to all claims raised in the Amended Complaint.

15. 42 U.S.C. § 1997e(e) demands dismissal of Plaintiff's claim for monetary damages because Plaintiff cannot demonstrate a prior showing of physical injury.

16. 42 U.S.C. § 1997e(e) limits Plaintiff's requested relief, including, but not limited to, any request for attorney's fees.

17. This Court lacks jurisdiction to consider any state law claims alleged within Plaintiff's Amended Complaint.

18. Res judicata and collateral estoppel bar all or some of Plaintiff's claims for relief. Thus, Plaintiff's claims are barred by either claim preclusion, issue preclusion, or both.

19. Plaintiff's claims are barred by the applicable statute of limitations.

20. There has been a failure of service and an insufficiency of process and service of process.

21. Plaintiff failed to name indispensable parties without whom complete relief is not possible.

22. Plaintiff's claims must fail due to the absence of *respondeat superior*.

23. Plaintiff's claims are barred by the applicable statute of limitations.

24. Plaintiff's claims are barred by the doctrine announced in *Henderson v. Baird* and its progeny.

25. Plaintiff's Amended Complaint must fail due to the doctrine of waiver, in particular, *Leaman* waiver.

26. Plaintiff's claims are barred by the doctrine announced in *Heck v. Humphrey* and its progeny.

27. Plaintiff's Amended Complaint is barred by the doctrine of contributory or comparative negligence.

28. Defendant is entitled to immunity, including, but not limited to Eleventh Amendment, quasi-judicial, and qualified immunity.

29. 42 U.S.C. §1997e(a) demands dismissal of Plaintiff's Complaint because he failed to exhaust available administrative remedies with regard to all claims raised in the Amended Complaint.

30. 42 U.S.C. § 1997e(e) demands dismissal of Plaintiff's claim for monetary damages because Plaintiff cannot demonstrate a prior showing of physical injury.

31. Plaintiff's claims are barred by assumption of risk.

32. Plaintiff's claims are barred, in whole or in part, by supervening, intervening acts or omissions not under the control of Defendant, including but not limited to Plaintiff's own actions or omissions or the acts and/or omissions of a third party.

33. Defendant maintains that Plaintiff's wrongful conduct and/or legally unprotected activity is to a greater degree thereby barring any recovery.

34. Defendant has a right to reduce, set off, or credit for its limit of liability for any amounts paid by any liable party or third party.

35. Defendant is entitled to a credit against any settlement, judgment, or right of recovery to the extent of the available underlying liability limits of coverage.

36. Defendant is not required to make any duplicate payments to Plaintiff for the same element of loss.

37. Plaintiff is barred from any relief due to application of the unclean hands doctrine.

38. Plaintiff's Amended Complaint should be dismissed, in whole or in part, based on the acts of Plaintiff which contributed to his imprisonment.

39. To the extent that Plaintiff intends to seek monetary damages, Defendant asserts qualified immunity and that they complied in good faith with the law at all relevant times.

40. Defendant denies any and all allegations that may be contained in any Exhibits attached to Plaintiff's Amended Complaint for lack of proper authentication, hearsay, and other evidentiary bases.

41. Plaintiff failed to comply with a condition precedent.

42. This court lacks subject matter jurisdiction.

43. Ohio Revised Code Section 9.86 bars State law claims against Defendant in her individual capacities. The Ohio Court of Claims has exclusive jurisdiction to determine whether an employee's conduct falls outside the scope of R.C. 9.86 immunity.

44. Plaintiff failed to comply with Ohio Revised Code Section 2743.02(F), in that Plaintiff failed to first secure a determination from the Ohio Court of Claims that the Defendant is not immune from liability in her personal capacity.

45. This court lacks subject matter jurisdiction as to Plaintiff's State law causes of action against Defendant in her individual or personal capacities.

46. This Court lacks jurisdiction to consider any state law claims alleged within Plaintiff's Amended Complaint.

47. The Prison Litigation Reform Act of 1995 limits Plaintiff's requested relief, including, but not limited to, any request for attorney's fees.

48. Plaintiff's claims are barred by the doctrine of latches.

49. Defendant is not the real party in interest.

50. Plaintiff's Amended Complaint must fail due to the doctrine of waiver, in particular, *Leaman* waiver.

51. Plaintiff failed to allege a continuing constitutional violation or other series of events that entitle him to injunctive relief.

52. Defendant denies any and all allegations not specifically admitted as true.

53. Defendant reserves the right to assert such additional affirmative defenses as may become appropriate upon prior notice to Plaintiff.

**WHEREFORE** Defendant Kelli Cardaras respectfully requests that this Court issue an order dismissing Plaintiff's Amended Complaint with prejudice, assessing costs to Plaintiff, certifying pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision cannot be taken in good faith, and awarding any other relief deemed necessary and just by the Court.

## JURY DEMAND

Defendant demands a trial by jury as to all claims for which a jury trial is available.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Matthew P. Convery*
MATTHEW P. CONVERY (0095704)
D. CHADD MCKITRICK (0073750) S
Senior Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Matthew.Convery@OhioAGO.gov
Daniel.McKitrick@OhioAGO.gov
P: (614) 466-0380 / F: (877) 588-5487

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing *Defendant's Answer to Plaintiff's Amended Complaint,* has been electronically filed on February 21, 2024, and served upon Plaintiff Lonnie Thompson, #A640-614, via U.S. mail, postage prepaid at the below address.

Lonnie Thompson (A640-614)<br>
Richland Correctional Institution<br>
P.O. Box 8107<br>
Mansfield, OH 44901

                        */s/ Matthew P. Convery*
                        Matthew P. Convery (0095704)
                        Senior Assistant Attorney General