**LR - APPENDIX J**

# NORTHERN DISTRICT OF OHIO
# PRO BONO CIVIL CASE PROTOCOL

A. The Court encourages members of the Federal Bar to represent parties in civil actions who cannot afford legal counsel. To further this policy, the Court has adopted a plan for expense reimbursement as set forth below.

B. A party requesting pro bono representation shall submit an Affidavit of Need to the Clerk's Office, to verify that the party cannot afford legal counsel in the case. A form Affidavit of Need, attached hereto as Exhibit A, is available from the Clerk's Office.

C. Upon a judicial officer's request, a case shall be referred to the Clerk's Office Pro Bono Department for the appointment of legal counsel. The judicial officer, through the Pro Bono Department, shall forward the docket and filings to attorneys who have volunteered for the Court's pro bono panel and, within thirty (30) days, recommend a lawyer who, subject to judicial approval, will be assigned the case.

D. Applications for reimbursement of pro bono expenses shall be submitted to the Clerk for review and recommendation to the judicial officer to whom the case was assigned. Forms requesting reimbursement (attached) are available at Clerk Office locations in the District or on line.

E. The Fund may not be used to reimburse for expenses associated with the evaluation, preparation and presentation of an appeal to the United States Court of Appeals or the United States Supreme Court. A lawyer's responsibility to a client continues through the entry of judgment and the filing of a notice of appeal if the client wishes to appeal.

F. The maximum amount that may be disbursed from the Fund in any case is One Thousand Five Hundred Dollars ($1,500). Requests for reimbursement beyond that amount must be

accompanied by an explanation and must be approved by the Chief Judge. All requests for reimbursement must be accompanied by proof that the expenses were actually incurred.

G. Reimbursement is limited to the following allowable expenses:

1. <u>Mileage and Parking</u>. Mileage at the current rate authorized for federal employees as well as out-of-pocket expenses for parking.

2. <u>Photocopies and Telephone Calls</u>. Out-of-pocket expenses incurred for photocopying or photographs used in the case and long distance calls necessary to the preparation of the case. Copy costs may not exceed 15¢ per page.

3. <u>Depositions and Transcripts</u>. Court reporter attendance fees for depositions of essential witnesses and transcription fees for such depositions. Transcript costs may not exceed the page rate for ordinary transcripts established in the District.

4. <u>Investigative or Expert Services</u>. Investigative or expert services which are necessary to the preparation of the case if approved in advance by the judicial officer to whom the case is assigned.

5. <u>Service of Process Fees</u>. Fees for service of papers and the appearance of lay witnesses at depositions and their mileage fees.

6. <u>Interpreter Services</u>. The cost of interpreter services if approved in advance by the judicial officer to whom the case is assigned.

7. <u>Expert Fees</u>. The cost of expert fees if approved in advance by the judicial officer to whom the case is assigned.

H. Request for reimbursement from the Fund must be filed within thirty (30) days of entry of judgment. If the lawyer has withdrawn or been dismissed prior to the entry of judgment,

|   |   |
|---|---|
|   | the request must be filed within thirty (30) days of withdrawal or dismissal. |
| I. | Amounts reimbursed must be repaid to the Fund if the case is settled with the payment of money, if fees and costs are awarded under 28 U.S.C. § 1988 or any other fee shifting statute, or if the party is awarded sufficient monetary damages. |
| J. | Volunteer attorneys are eligible to receive continuing legal education (CLE) credit through the Ohio Supreme Court. Volunteer attorneys may receive one hour of CLE credit for every six hours of pro bono legal service performed, up to a maximum of six CLE credit hours per biennial compliance period. For each assigned pro bono case, attorneys must submit one Form 23 to the Clerk's Office Pro Bono Department by December 31 of each calendar year in which services have been rendered. Form 23 is located on the Ohio Supreme Court website. |

**Exhibit A**

**United States District Court**
**Northern District of Ohio**

|   |   |   |   |
|---|---|---|---|
| | ) | | |
| | ) | | |
| Plaintiff | ) | CASE NO. | |
| | ) | | |
| v. | ) | JUDGE | |
| | ) | | |
| | ) | AFFIDAVIT OF NEED | |
| Defendant | ) | | |
| | ) | | |

1. I request the Court to appoint counsel to represent me in this case pro bono (at no cost to me).

2. My household income does not exceed 200% of the current applicable Federal Poverty Guidelines.

3. I lack assets sufficient to afford legal representation in this case.

4. I will notify the Court and my appointed counsel if my financial condition materially changes before completion of this case.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____        _____
                                                     Plaintiff/Defendant


                                                     _____
                                                     Address


4