IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Lonnie Thompson,<br><br>              Plaintiff,<br><br>  vs.<br><br>Ms. Hensley, *et al.*,<br><br>              Defendants. | CASE NO. 1:23-cv-1656<br><br>DISTRICT JUDGE<br>Pamela A. Barker<br><br>MAGISTRATE JUDGE<br>James E. Grimes Jr.<br><br>**ORDER TO SHOW CAUSE** |

Pro se plaintiff Lonnie Thompson filed the complaint in this matter in August 2023. Doc. 1. In October 2023, Thompson filed a motion to amend the complaint. Doc. 3. In December 2023, after 90 days had passed since he filed his complaint, Thompson filed a document which the court construed as a motion requesting that the U.S. Marshal serve his complaint. *See* Doc. 7. The court denied this motion because the docket reflected that the summons was subsequently issued to the U.S. Marshal for service. *See* Doc. 9; *see also* Order [non-document] dated January 9, 2024. In February 2024, the U.S. Marshal filed a Return of Service for each summons. Docs. 10–13. Service was successfully executed on only one of the four defendants named in the complaint. *Compare* Doc. 10 *with* Docs. 11–13. Since early February 2024, when the unexecuted Returns of Service were docketed, the docket reflects no further attempt by Thompson to serve the remaining three defendants.

Federal Rule of Civil Procedure 4(m) provides, in part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The rule also requires the court "to extend the time for service for an appropriate period," if the plaintiff can show good cause for failure to serve a defendant within 90 days. *Id.*

Thompson's complaint was filed on August 25, 2023. Since then, 215 days have passed. Still, Thompson has not successfully served three of the four defendants.

On investigation, it is possible that Thompson's unsuccessful service efforts may be due to his failure to properly name in the summons the three unserved defendants. Specifically, the three defendants who have not been served are listed only by their last name and their role, i.e., Doctor, Nurse Practitioner, and Health Care Administrator. Doc. 9, at 1, 3, 5. By contrast, Thompson properly identified—by first and last name—the defendant who he successfully served. Doc. 9, at 7.

Despite the passage of approximately a month and a half since service was attempted and docketed as unsuccessful, Thompson has not acknowledged that his initial attempt at service via the U.S. Marshal was incomplete. Thompson has also not attempted to explain why service has still not been completed or demonstrated any effort to re-serve the remaining defendants.

2

It may be that Thompson does not know the full names of the unserved defendants. Thompson, however, has not yet shown that he has attempted to but has been unable to discover the full names of the unserved defendants. District courts in Ohio generally hold that immediate dismissal of certain defendants who have been unnamed or improperly named is not proper where a plaintiff has taken reasonable, albeit unsuccessful, steps to learn the defendants' identity. *See e.g.*, *Slocum v. Bear*, No. 1:18-cv-423, 2019 WL 2234227, at *3 (S.D. Ohio May 6, 2019) (allowing limited discovery instead of dismissal because plaintiff had "taken reasonable steps to learn the identities of the corrections officers named as defendants in the complaint"); *Murray v. Ohio Dept. of Corrections*, No. 1:14-cv-168, 2014 WL 1382401, at *4 (S.D. Ohio Apr. 8, 2014) (adopting recommendation that John Doe defendants not be immediately dismissed for failure to identify or serve, and instead allowing plaintiff "the opportunity to do limited discovery in order to identify the names of the John Doe defendants").

If Thompson does not know the full names of the unserved defendants, then he must make some showing that he has made reasonable efforts to discover that information to avoid the potential dismissal of those defendants. Once Thompson has shown that he has made reasonable attempts to properly identify the unserved defendants, the Court will consider any subsequent requests for alternative service or limited discovery.

3

If it is the case that Thompson has already discovered the full names of the unserved defendants, then nothing in this order should be construed to allow any further delay. On discovery of the unserved defendant's full names, Thompson must move for service by the U.S. Marshal.

Accordingly, Thompson has until April 27, 2024 to show cause in writing why the unserved defendants have not yet been served or to move the Court to effect service on the remaining defendants, identified by their full names, by service via the U.S. Marshal.[1]

Dated: March 27, 2024

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

---

[1] In a filing received by the Court on March 27, 2024, Thompson assumes that the unserved defendants are no longer employed by the Ohio Department of Rehabilitation and Correction and asks the Court to order that agency to supply their "forwarding addresses." *See* Doc. 18. But Thompson has not shown that the Court should indulge his assumption.

4