# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Lonnie Thompson,** | : | |
| | : | Case No. 1:23-CV-01656 |
| **Plaintiff,** | : | |
| | : | **Judge Pamela A. Barker** |
| v. | : | |
| | : | **Magistrate Judge James E. Grimes Jr.** |
| **Julie Hensley, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' MOTION TO DISMISS

On January 10, 2025, Plaintiff Lonnie Thompson ("Plaintiff") filed an Amended Complaint ("Complaint"). ECF No. 57. Defendants Hensley, Newland, Dr. Ojukwu, Cardaras, Wheeler, and Cornwell ("Defendants"), by and through counsel, respectfully move the Court to dismiss this case pursuant to Federal Civil Rule 12(b)(6) because the Complaint fails to state a claim for relief against any Defendant. At a minimum, the individual Defendants are entitled to qualified immunity, as Plaintiff cannot establish that any Defendant violated any of Plaintiff's clearly established constitutional rights. A Memorandum in Support of this Motion is attached.

                                                                                                Respectfully submitted,

                                                                                                DAVE YOST
                                                                                                Ohio Attorney General

                                                                                                *s/ Mindy Worly*
                                                                                                MINDY WORLY (0037395)
                                                                                                Principal Assistant Attorney General
                                                                                                Criminal Justice Section
                                                                                                Corrections Litigation Unit
                                                                                                30 East Broad Street, 23rd Floor
                                                                                                Columbus, Ohio 43215
                                                                                                (614) 644-7233/Fax: (866) 474-4985
                                                                                                Mindy.Worly@OhioAttorneyGeneral.gov

                                                                                                *Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

I.  **Statement of Alleged Facts**

The Complaint alleges that Defendants Hensley, Newland, Dr. Ojukwu, and Cardaras misdiagnosed his bladder cancer from April of 2021 through October 2022, and that since that time Defendants Wheeler and Cornwell have failed to treat him with Ensure and Ultram/Tramadol. As such, the claims against each of the Defendants are more specifically described below.

A.  *Allegations against Julie Hensley*

Plaintiff alleges that from October 4, 2021, through October 14, 2022, Defendant Hensley violated Plaintiff's Eighth and Fourteenth Amendment right to be free of cruel and unusual punishment in that, as Health Care Administrator at the Mansfield Correctional Institution, she was "aware or should have been aware that Thompson was continuously experiencing bloody and painful urinations, having urinary tract infections, that urine tests indicated high levels of blood, protein, and ketones, and that Thompson had numerous nurse and doctor sick calls complaining of the above, among other issues."  ECF No. 57, PageID 408.  Critically, however, nowhere does the Complaint allege any facts suggesting that Defendant Hensley was personally responsible for any action or wrongdoing that injured Plaintiff.

B.  *Allegations against Defendant Newland*

The Complaint likewise alleges that between October 4, 2021, and October 14, 2022, Defendant Newland, a nurse practitioner at the Mansfield Correctional Institution, violated Plaintiff's Eighth and Fourteenth Amendment right to be free of cruel and unusual punishment in that she was aware or should have been aware that Plaintiff was continuously experiencing bloody and painful urinations, having urinary tract infections, and experiencing painful bowel movements, that urine tests indicated high levels of blood, protein, and ketones, and that he had numerous nurse

2

and doctor sick calls complaining of the above, among other issues, within a six month window of time. ECF No. 57, PageID 410. In so doing, the Complaint contends that Defendant Newland prescribed Bactrim and other antibacterial medications to Plaintiff, that she knew or should have known that the drugs she prescribed were not working to alleviate Plaintiff's symptoms, that she did not believe he had cancer, and that because of her actions Plaintiff's cancer treatment was delayed. *Id.* Notably, however, nowhere does the Complaint suggest that Plaintiff was harmed in any way due to the alleged delay in his cancer diagnosis.

### C. *Allegations against Dr. Ojukwu*

The Complaint similarly alleges that between October 4, 2021, and October 14, 2022, Defendant Dr. Ojukwu, a physician at the Mansfield Correctional Institution, violated Plaintiff's Eighth and Fourteenth Amendment right to be free of cruel and unusual punishment in that he was either "aware or should have been aware that Thompson was continuously experiencing bloody and painful urinations, having urinary tract infections, experiencing painful bowel movements, that urine tests indicated high levels of blood, protein, and ketones, and that Thompson had numerous nurse and doctor sick calls complaining of the above, among other issues." ECF No. 57, PageID 411. While the Complaint contends Defendant Dr. Ojukwu "was aware or should have been aware that drugs such Bactrim were not alleviating [Plaintiff's] symptoms over an extended period of time," it also concedes that he referred the Plaintiff to a specialist for a transurethral resection of the prostate procedure, but that the referral was denied. *Id.* Nevertheless, not only does the Complaint inexplicably conclude that because Defendant Dr. Ojukwu "did not take any action to remedy the rejection," Plaintiff's cancer treatment was somehow delayed, it never suggests that Plaintiff was harmed in any way due to the alleged delay in his cancer diagnosis. *Id.*

3

### D. *Allegations Against Defendant Cardaras*

The Complaint also alleges that between October 14, 2022, and August 2, 2023, Defendant Cardaras, a nurse practitioner at the Ross Correctional Institution ("RCI"), violated Plaintiff's Eighth and Fourteenth Amendment right to be free of cruel and unusual punishment. ECF No. 57, PageID 411. Although the Complaint contends that Defendant Cardaras was aware that Plaintiff received treatment from surgeons, urologists, and oncologists at The Ohio State University Hospital and that she denied him access to Ensure, Oxybutynin/Ditropan, and potentially other medications in direct contradiction to orders from surgeons, urologists, and oncologists at The Ohio State University Hospital even though she was aware that Plaintiff was reporting continuous pain in his groin and lower stomach area, nowhere does the Complaint allege that she herself treated Plaintiff upon his transfer to RCI, much less that she was responsible for any of the treatment decisions made respecting his medical care. *Id.*

### E. *Allegations Against Defendant Wheeler*

The Complaint further alleges that between October 2023, and the present date, August 2, 2023, Defendant Wheeler, a nurse practitioner at the Richland Correctional Institution ("RICI"), violated Plaintiff's Eighth and Fourteenth Amendment right to be free of cruel and unusual punishment. ECF No. 57, PageID 413. While the Complaint alleges that Defendant Wheeler was aware, or should have been aware of medical orders from specialists, that she denied Plaintiff access to Ensure because his weight was not below an undefined level and there was no generic alternative readily available, that she denied him access to Ultram/Tramadol and instead provided him Tylenol, and that she failed to examine or authorize a sonar gram for a lump he claimed he discovered on his left testicle, ECF No. 57, PageID 414, nowhere does the Complaint contend that

4

Plaintiff lost weight, that his pain was not controlled with Tylenol, or that he suffered any injury as the result of the lack treatment he allegedly received for his left testicle lump.

### F. *Allegations Against Defendant Cornwell*

The Complaint alleges that between October 2023, and the present date, August 2, 2023, Defendant Cornwell, a nurse practitioner at the Richland Correctional Institution ("RICI"), too violated Plaintiff's Eighth and Fourteenth Amendment right to be free of cruel and unusual punishment. ECF No. 57, PageID 415. The claims against Defendant Cornwell are essentially one and the same as those Plaintiff alleges against Defendant Wheeler, namely that she "acted with deliberate indifference because she knew, or should have known, that treatments and medications ordered by specialists were necessary, but refused to verify this fact and ignored orders from specialists regardless of the associated risks that she knew existed as a result of ignoring these orders." *Id*. Nevertheless, other than generally alleging that Defendant Cornwell is or should have been aware that Plaintiff has cancer, nowhere does the Complaint allege that Plaintiff suffered any injury because of any action or wrongdoing for which Defendant Cornwell was personally responsible.

## II. Law and Argument

Plaintiff's Complaint fails to state a claim for relief against any of the named Defendants. A motion to dismiss attacks the sufficiency of the pleadings. *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973).

5

Although a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). A court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000).

This Court must determine whether the complaint has "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 555 at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Although a complaint need not contain 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). While allegations in a pro se complaint are construed liberally, *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir.) *cert. denied*, 134 S. Ct. 149 (2013), not only was the Complaint at issue filed by Plaintiff's counsel, but even "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

### A. Assuming Plaintiff's allegations as true, Plaintiff fails to state a claim upon which relief may be granted.

"A prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Theriot v. Maclaren*, 6th Cir. No. 21-2596, 2022 U.S. App. Lexis 6881 at *6 (Mar. 16, 2022), citing *Comstock v. McCrary*, 273 F.3d

693, 702 (6th Cir. 2001). "Deliberate indifference" is a high standard. "Medical malpractice, negligent diagnosis or treatment, and mere disagreement with medical treatment are inadequate to state a § 1983 claim." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105-106.

Ultimately fatal to Plaintiff's Complaint, when a plaintiff receives some medical treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law. *Griffith v. Franklin Cty.,* 975 F.3d 554, 568 (6th Cir. 2020); *Westlake v. Lucas*, 537 F.2d 857, 860–61 n. 5 (6th Cir. 1976). "In cases where an inmate alleges deliberate indifference, but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the medical staff, the defendant is entitled to summary judgment." *Alspaugh v. McConnell*, 643 F.3d 162, 168-69 (6th Cir. 2011); *see also Allison v. Martin*, 2009 U.S. Dist. LEXIS 79135 at *6 (E.D. Mich. Sept. 2, 2009) (citing Sixth Circuit cases).

A deliberate indifference claim under the Eighth Amendment has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001). Under the objective component, "the deprivation [of medical care] alleged must be, objectively 'sufficiently serious,' [and] a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]'" *Id.* at 834 (citation omitted) (quoting *Wilson V. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The subjective component requires that a plaintiff must "at a minimum[] allege 'deliberate indifference' to [the inmate's] 'serious' medical needs[.]" *Rhinehart v. Scutt*, 894 F.3d 721, 736 (6th Cir. 2018) (quoting *Wilson*, 501 U.S. at 297). While that does not require a plaintiff to allege that the defendants acted "for the very purpose of causing harm or with knowledge that harm will result[,]" it requires a showing of criminal recklessness. *Farmer*, 511 U.S. at 835-40. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837-39 (describing this mindset as "'consciously disregard[ing]' a substantial risk of serious harm" (original alterations omitted) *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012); *Miller v. Calhoun County*, 408 F.3d 803, 821 (6th Cir. 2005) (finding no genuine dispute on whether the defendant was deliberately indifferent although she "had knowledge of the circumstances surrounding [the inmate]'s deteriorating condition" because nothing in the record would allow a jury to find the defendant "drew [the] inference" of "a substantial risk of serious harm"). And "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and an Eighth Amendment violation. *Farmer*, 511 U.S. at 838.

The essence of Plaintiff's allegations is that Defendants Hensley, Newland, Dr. Ojukwu, and Cardaras should have known that his urinary tract infections could lead to bladder and prostate cancer. However, Plaintiff fails to allege facts, that if true, would be sufficient to meet the objective component. For instance, although the Complaint alleges that Defendant Dr. Ojukwu requested that Plaintiff be seen by a specialist for a transurethral resection of the prostate, his referral was denied by a non-defendant. ECF No. 57, PageID 411.

8

Likewise, the Complaint alleges that Defendant Newland treated Plaintiff's urinary tract symptoms with Bactrim and other antibacterial medications, but that these prescriptions did not alleviate his conditions. *Id.* However, where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir. 1976). As the Sixth Circuit has explained, "[t]hat is not to say that a doctor is immune from a deliberate indifference claim simply because he provided 'some treatment for the inmates' medical needs.' But there is a high bar that a plaintiff must clear to prove an Eighth Amendment medical-needs claim: The doctor must have 'consciously expos[ed] the patient to an excessive risk of serious harm.'" *Rhinehart v. Scutt*, 894 F.3d at 738-39. By contrast, not only is there no denial of treatment here, but also there is no suggestion that Defendant Newland consciously exposed Plaintiff to an excessive risk of serious harm when she herself did not believe he had cancer. ECF No. 57, PageID 410.

On the contrary, based on his numerous health provider visits, the medications that were given him, and the recommendation that he be referred to a specialist for further treatment of his urinary tract symptoms, a request that was subsequently denied by a non-defendant, a reasonable jury could not conclude that Plaintiff was left untreated by Defendants Hensley, Newland, Dr. Ojukwu, and/or Cardaras, much less that the medical care for his condition was so cursory as to amount to no treatment at all. Rather, the allegations set forth in the Complaint clearly demonstrate that Defendants Hensley, Newland, Dr. Ojukwu, and Cardaras not only subjectively believed they were treating Plaintiff for a urinary tract infection, but also that he did not have cancer. ECF No. 57, PageID 409. Since Plaintiff failed to allege facts that, even if true, would satisfy both the

9

objective and the subjective components of a deliberate indifference claim, the Complaint should be dismissed as to Defendants Hensley, Newland, Dr. Ojukwu, and Cardaras,

The conclusion should be no different respecting Defendants Wheeler and Cornwell since nowhere does the Complaint allege that Plaintiff suffered any harm because of the allegedly inadequate treatment they provided. *See Rhinehart v. Scutt*, 894 F.3d at 737-38. Instead Plaintiff's allegations amount to nothing more than a disagreement with the testing and treatment he received and therefore fail to rise to the level of an Eighth Amendment violation. *See Id.* at 740. For instance, while the Complaint alleges that Defendants Wheeler and Cornwell denied Plaintiff access to Ensure, ECF No. 57, PageID 413, 415, there is no suggestion in the Complaint that without Ensure Plaintiff lost any weight, much less that he lost so much weight that his condition became conscious shocking. *Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)). Instead, all the Complaint alleges is that Plaintiff's weight was not below an undefined level. ECF No. 57, PageID 414. Rather than suggesting any risk, what that level was, or even if it ever fell below a healthy bodyweight for Plaintiff's age, gender, and height, the Complaint never specifies.

Likewise, the Complaint alleges that Defendants Wheeler and Cornwell gave Plaintiff Tylenol instead of Ultram/Tramadol. ECF No. 57, PageID 414-415. However, Ultram and Tramadol are used to treat pain that is severe enough to require opioid treatment and when other pain medicines do not work well enough or cannot be tolerated by the patient. *Tramadol (oral route,* Mayo Clinic, Last viewed April 25, 2025 at https://www.mayoclinic.org/drugs-supplements/tramadol-oral-route/description/drg-20068050. By contrast, there is no suggestion anywhere in the Complaint that Plaintiff was ever in moderate to severe pain or that the Tylenol he was given did not work or could not be tolerated by him.

10

And although the Complaint claims that Defendant Wheeler failed to examine a lump Plaintiff found on his left testicle or authorize that he be provided with a sonar gram, ECF No. 57, PageID 414, nowhere does the Complaint allege that the lump in question was ever diagnosed by a physician as mandating treatment or that it was so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Jones v. Muskegon Cnty*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). On the contrary, nowhere does the Complaint even contend that Plaintiff suffered any injury due to the lack of treatment for the testicular lump he alleges. Yet "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, (1992). And here, there is no suggestion that the lump in question ever amounted to a serious medical need, not in October 2023 and certainly not today. In sum, because the Complaint fails to allege any specific facts that, even if true, would satisfy both the objective and the subjective components of Plaintiff's deliberate indifference claims, the case should be dismissed in its entirety.

### B. *Respondeat Superior* does not apply to § 1983 claims.

Just as important, nowhere does the Complaint allege any specific facts suggesting that any of the Defendants provided the Plaintiff with direct patient care. Nevertheless, it is well-settled that a civil rights plaintiff must allege the active personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 81-86 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated in, condoned, encouraged, or knowingly acquiesced in alleged

11

misconduct to establish liability); *Nwaebo v. Hawk—Sawyer*, 83 Fed. Appx. 85, 86 (6th Cir. 2003) (To recover against a given defendant for a claimed constitutional violation, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights.") (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976)).

Yet, rather than the active personal involvement required to state a claim under § 1983, the essence of Plaintiff's Complaint is that Defendant Hensley's failure to verify facts allegedly caused Plaintiff unnecessary pain and suffering, ECF No. 57, PageID 409, that Defendant Newland's failure to verify facts allegedly caused Plaintiff unnecessary pain and suffering, ECF No. 57, PageID 410, that Defendant Dr. Ojukwu's failure to verify facts allegedly caused Plaintiff unnecessary pain and suffering, ECF No. 57, PageID 411, that Defendant Cardaras' failure to verify facts allegedly caused Plaintiff unnecessary pain and suffering, ECF No. 57, PageID 413, that Defendant Wheeler's failure to verify facts allegedly caused Plaintiff unnecessary pain and suffering, ECF No. 57, PageID 414, and that that Defendant Cornwell's failure to verify facts allegedly caused Plaintiff unnecessary pain and suffering. ECF No. 57, PageID 415. For this reason alone, Plaintiff's Complaint fails to state a claim for medical deliberate indifference against any of the Defendants.

Nor is *respondeat superior* a proper basis for liability under § 1983. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). This is because supervisors cannot be held liable for the acts of their employees where the claims against them are based solely on their right to control employees, or their "simple awareness of employees' misconduct." *Leary*, 349 F.3d at 903; *Bellamy*, 729 F.2d at 421. A supervisor cannot be held liable under § 1983 for the actions of his or her employees where the allegation of liability is based upon a mere failure to act, a mere right to control employees, or simple negligence in failing to recognize

12

the potential for harm to occur or to prevent it from occurring. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999). Rather, to sustain a viable claim against a supervisor, Plaintiff must allege facts suggesting they actively engaged in unconstitutional behavior. *Id.*

Here, by contrast, Plaintiff's Complaint does nothing more than baldly allege that the Defendants failed to provide Plaintiff with various treatments and medications. For instance, while the Complaint claims that Defendants Hensley and Dr. Ojukwu failed to take any action to remedy the rejection of Plaintiff's referral for a transurethral resection of his prostate, ECF No. 57, PageID 409, 411, nowhere does it suggest that they personally consented, acquiesced, or approved of that decision. Instead, it made allegations based solely upon Defendants' supervisory positions. *Id.* Accordingly, the Court should also dismiss Plaintiff's Complaint for failure to allege the active personal involvement required to state a claim under 42 U.S.C. § 1983.

### C.  At a minimum, Defendants are entitled to qualified immunity.

Qualified immunity exists to shield government officials who are performing discretionary functions from liability for civil damages and the costs of trial or the burdens of broad-reaching discovery. *Harlow v. Fitzgerald*, 457 U.S. 800 (1972). It exists to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 817-818.

On one hand, the Supreme Court has held that before considering whether a right was clearly established, a court should first address the "threshold" issue of whether the facts alleged in the complaint demonstrate that the defendant actually violated Plaintiff's constitutional rights.

*Saucier v. Katiz*, 533 U.S. 194 (2001). On the other hand, in *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court has held that a court may skip the analysis of whether there was a constitutional violation if the constitutional or statutory right is not clearly established. Since Defendants have raised the defense of qualified immunity, Plaintiff bears the burden of showing that they are not entitled to qualified immunity. *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012). This burden is carried out in the pleading stage by Plaintiff alleging plausible facts that the Defendants' conduct violated a constitutional right that was clearly established law at the time, such that a medical provider would have known that her conduct violated that right. *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015). Plaintiff is obligated to plead facts that, viewed in a light most favorable to him, make out a violation of a constitutional right so clearly established in a particularized sense that a reasonable individual confronted with the same situation would have known that their conduct violated that right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741. While the case law must not be directly on point, "existing precedent must have placed . . . the constitutional question beyond debate." *Mullinex v. Luna*, 577 U.S. 7, 11 (2015). A clearly established right cannot be defined using a "high level of generality," but instead must be "particularized" to the facts of the case. *al-Kidd*, 563 U.S. at 742.

Here, none of the facts alleged by Plaintiff show that he had a constitutional right so clearly established in a particularized sense that Defendants reasonably should have known their personal conduct violated said purported constitutional right. Rather, Plaintiff alleges, that Defendants conducted numerous nurse and doctor sick calls, prescribed numerous medications, made referrals for procedures, coordinated with a urologist for procedures and conducted testing. None of Plaintiff's allegations support any claim that his cancer was the proximate cause of Defendants purported deliberate indifference. Instead, Plaintiff has a mere disagreement about Defendants'

abundant treatment of his constant urinary tract infections. As such, the Plaintiff has not alleged any causal connection between the two. Thus, Defendants are entitled to qualified immunity.

### III. Conclusion

The Court should grant Defendants' Motion to Dismiss, assess costs to Plaintiff, certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision cannot be taken in good faith, and award any other relief deemed necessary and just by the Court.

### LOCAL RULE 7.1(f) CERTIFICATION

I certify that to the best of my knowledge this case is on the Standard Track and the foregoing memorandum complies with Local Rule 7.1(f).

s/ *Mindy Worly*
MINDY WORLY (0037395)
Principal Assistant Attorney General

Respectfully submitted,

DAVE YOST
Ohio Attorney General

s/ *Mindy Worly*
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 644-7233/Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov

*Counsel for Defendants*

15

## **CERTIFICATE OF SERVICE**

I certify that on April 25, 2025, a copy of the foregoing *Defendants' Motion to Dismiss* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify a copy is being sent to *pro se* Plaintiff via prepaid, U.S. Mail at:

Lonnie Thompson, A640614
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH 44901

                                            *s/ Mindy Worly*
                                            MINDY WORLY (0037395)
                                            Principal Assistant Attorney General