IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTETRN DIVISION

FILED

MAY 1 2 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| LONNIE THOMPSON, | ) |
| Plaintiff, | ) CASE NO. 1:23-cv-1656 |
| -vs- | ) |
| | ) DISTRICT JUDGE |
| | ) PAMELA A. BARKER |
| JULIA A. HENSLEY et. Al., | ) |
| | ) MAGISTRATE JUDGE |
| Defendants. | ) JAMES E. GRIMES JR. |

## MOTION FOR EXTENSION OF TIME

Now comes the Plaintiff, Lonnie Thompson, pro-se who requests this Honorable Court to issue an Order granting this Motion For Extension of Time in the above mentioned case number. For the reasons set forth in the attached Memorandum In Support.

Respectfully submitted,

Mr. Lonnie Thompson, pro-se
# 640-614
Richland Correctional Institution
Post Office Box 8107
Mansfield, OH 44901

## **MEMORANDUM IN SUPPORT**

Plaintiff, Lonnie Thompson request a ninety (90) days Extension of Time to properly gather and to prepare for all of the deadlines in the Status Conference's Minute Order, dated January 21, 2025. There are numerous deadlines, as the Fact Discovery, which is due by May 01, 2025, Expert Discovery due June 02, 2025, Rebuttal Expert Reports due July 02, 2025 and Motions for Summary Judgment due August 01, 2025. All of this information was never passed on to the plaintiff while attorney Sobecki was the representing attorney in the plaintiff's case. There was always a failure of communication between attorney Sobecki and the plaintiff. The plaintiff does not desire to waste the Courts' time by dwelling on past events of disagreements but to clarify the plaintiff's point of view, but the details must be reviewed.

The plaintiff would like for the Court to understand and to take into consideration the disadvantage point that the plaintiff has been placed in by attorney Sobecki's lack of communication. There is a letter (see attached letter Exhibit "B") that the plaintiff wrote to attorney Sobecki explaining the plaintiff's view on case law.

This letter demonstrates the unprofessional conduct and his ethical training by writing on the letter that the plaintiff sent him instead of writing another letter back to the plaintiff, expounding on the case law as to whether he agreed or disagreed. Instead, attorney Sobecki wrote on the exact same letter that I sent to him as if he was grading a school exam paper of a student taking a test.

The facts are that the plaintiff, who was represented by attorney Joseph Sobecki is now no longer representing the plaintiff. Other facts as to why the plaintiff needs said Extension of Time is due to the prior attorney Sobecki never informing the plaintiff, Lonnie Thompson of the issues

nor the terms of the Status Conference's in which he, (Sobecki) agreed to. This non-communication was one of the main reasons for attorney Sobecki being terminated from plaintiff's case.

Plaintiff Thompson received said copy of the Minute Order from attorney Sobecki on March 27, 2025 through the Richland Correctional Institution's inmate Legal Mail. The contents of said mail contained a copy of the Minute Order, (see attached Exhibit "A") and two (2) Motions of attorney Sobecki's filings of his Notice of Appearance, Notice of Dismissal of Case No. 1:24-cv-01802-CEF. Also included in Attorney Sobecki's Legal Mail to the plaintiff, there was a CD disk, which was immediately confiscated by the mailroom correctional officer stating to me that the CD disk had to be scanned and reviewed by the Warden's Assistant, (L. Mason) to determine is said CD disk contained any contraband or illegal material. The plaintiff was informed by the mailroom correctional officer that he did not know when or if the plaintiff would be allowed to have said CD disk also. The plaintiff immediately wrote a kite (an electronic message written by incarcerated persons to communicate with staff) detailing the reasons as to why I was in need of this CD disk and I was only informed by said Warden's Assistant, (L. Mason) that it had been received. No response as to when or if the plaintiff would receive this CD disk and as of this filing of the Motion For Extension of Time, the plaintiff has not received the CD disk.

The plaintiff has no idea what the contents are on said CD disk or whether it is formatted to be read by the plaintiff with the very limited technological equipment here at the Richland Correctional Institution's library. This is a hindrance also which complicates the plaintiff's ability to mount a fair but equal defense on his behalf.

The plaintiff does not have confirmation that the new amended complaint to add two (2) additional plaintiffs have been served with said amended complaint. Plaintiff Thompson has not

been given any documentation from the United States Marshal's Service confirming this notice of service. Dismissed and terminated attorney Sobecki has never informed the plaintiff of such matters.

### CONCLUSION

The plaintiff prays that he has shown good cause and good faith that said motion has been presented to this Honorable Court and grant this Motion For Extension of Time.

Mr. Lonnie Thompson, pro-se
# 640-614
Richland Correctional Institution
Post Office Box 8107
Mansfield, OH 44901

### CERTIFICATE OF SERVICE

I, Lonnie Thompson do certify that a true copy of the Motion For Extension of Time has be sent via the U.S. Postal Mail service to the Attorney General Office, D. Chadd McKitrick and Matthew P. Convey, Counsels for the plaintiffs at 30 E. Broad Street, 17th Floor, Columbus, OH 43215 on this 08th day of April, 2025.

Mr. Lonnie Thompson, pro-se
# 640-614
Richland Correctional Institution
Post Office Box 8107
Mansfield, OH 44901

## DECLARATION OF LONNIE THOMPSON

I, Lonnie Thompson, under the penalty of perjury declare:

1. That the statements made in this Motion For Extension of Time are true to the best of my knowledge.
2. That Attorney Joseph Sobecki did not give or issue me a copy of the Minute Order until the date of March 27, 2025 through the Inmate Legal Mail system located at the Richland Correctional Institution, 1001 Olivesburg Road, Mansfield, OH 44905.
3. That I had no knowledge of any agreed upon dates set forth in said Scheduled Conference Hearing, which lead to the Minute Order held on January 21, 2025.
4. Attorney Sobecki did not keep me in the loop of details in my case due to his lack of communication with me.
5. That I only spoke with Attorney Sobecki one (1) time over the phone during the nine (9) months he was assigned to my case.
6. That I am not intentionally trying to delay the judicial process by requesting this Honorable Court to grant this request for an extension of time to allow me, the plaintiff enough time to get up to speed with the needed motions to be filed.

I, Lonnie Thompson have read the foregoing, and declare under the penalty of perjury, under the laws of the United States of America that the statements contained herein are true and correct to the best of my knowledge.

Date: April 07, 2025

Signature: _____
Mr. Lonnie Thompson/Declarant