February 23, 2025

TO: Mr. Joseph Sobecki

FR: Mr. Lonnie Thompson

Mr. Sobecki,

I finally received your letters and your Motion to Withdraw. You stated that you obligated to inform me of the offer presented by the attorneys for the defendant. Then let you be obligated to give them my response, which is a definite No. I will expect to go to trial. *Case not going to trial. JS.*

Once again you have misunderstood my participation in this attorney/client association. I do not need you or anyone like you for a friend. What I need is someone who is vested in my case, fighting for it and with a spot of luck, win it. Friends are what put me in jail. So you need not express that way of thinking with me. *I have nothing further to say.*

You say the only thing I could possibly win on is on Wheeler and Cornwell refusing medical orders. That seems impossible for me to think that you can not see the harm done to me with every individual defendant involved in this case. With you knowing that I have a prior serious dieseuse before the onslaught of cancer to my bladder and prostate. That the defendants all knew the harm that would be with any type of ailment involved with my immune system. They knew the harm and paid it no mind.
*You are correct here, but this is not enough to prevail.*

Anyway, here are other cases that pertain to my situation:

1. West v. Atkins, 487 U.S. 42 (1988) → *Not applicable. All the SC held was that MD acted under color of state law. Not at issue here.*
2. Cummings v. Quakenbush, 2014 U.S. Dist. LEXIS 75925 → *Not applicable. Seventh Circuit case. Pertains to post-arrest medical care. Facts differ.*
3. Jones v. Cullinan, 2013 U.S. Dist. LEXIS 46465 *Care you received not obviously deficient like failure to treat seizures in Jones. Holding merely says Def. can't win by saying Pl. needs to provide expert. Seventh Circuit. No precedential value in NDOH.*
4. Scott v. Antonini, 764 F. Supp. 2d 904

*You need to look Sixth Circuit + SCOTUS*

*It sounds like you wish to pursue the "obviousness" argument. Scott had a testicular lump. You had symptoms that could have been harmless or serious. There is a case rejecting Scott that holds, "unlike the Pl. in Scott, Pl. complaints were not ignored by Dr. Rather, Pl. treating MD treated Pl. pain symptoms w/medication, just not medication or treatment Pl. preferred." Concentrate on failure to follow medical orders. This is best argument for deliberate indifference.*

I certainly hope while you are still representing me that these cases can enlighten you to my defense and my plight.

*Pl. can win w/o expert if deficiency obvious. Don't argue obviousness pertaining to your care. Or don't listen to me and see what Court does. Your case also not 4th amendment based.*

Respectfully Submitted,

Mr. Lonnie Thompson

cc: file