IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lonnie Thompson, | : | |
| | : | **Case No. 1:23-CV-01656** |
| Plaintiff, | : | |
| | : | **Judge Pamela A. Barker** |
| v. | : | |
| | : | **Magistrate Judge James E. Grimes Jr.** |
| Hensley, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO STRIKE AND REPLY TO PLAINTIFF'S BELATED OPPOSITION

On June 24, 2025, Plaintiff Lonnie Thompson ("Plaintiff") finally got around to filing an Opposition, ECF No. 74, to the Motion to Dismiss, ECF No. 70, Defendants Hensley, Newland, Dr. Ojukwu, Cardaras, Wheeler, and Cornwell ("Defendants") filed on April 25, 2025.

There are multiple problems with Plaintiff's Opposition. First is the fact that Plaintiff's Opposition is out of rule. Certainly, granting or denying a motion to strike is within the sound discretion of the trial court. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 480 (6th Cir. 2003). The Federal Rules of Civil Procedure do not contemplate motions to strike documents other than pleadings. *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006); cf. Fed. R. Civ. P. 12(f) (providing that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). Yet, "trial courts make use of their inherent power to control their dockets . . . when determining whether to strike documents or portions of documents [other than pleadings]." *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (citing *Anthony v. BTR Auto Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003)).

Therefore, "[d]istrict courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules." *Pearce v. Chrysler Grp., L.L.C. Pension Plan,* 615 F. App'x 342, 349-50 (6th Cir. 2015) (citing *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008)). Thus, "[t]he district court does not have to accept every filing submitted by a party." *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp.*, PLC, 463 F.3d 478, 488 (6th Cir. 2006). Accordingly, a court acts within its discretion when it strikes a filing for, inter alia, untimeliness or a failure to comply with the local rules. *See Ordos City Hawtai Autobody Co*. *v. Dimond Rigging Co.,* 695 F. App'x 864, 870-72 (6th Cir. 2017) (affirming trial court's striking of response brief because of failure to comply with local rules); *Ross,* 463 F.3d at 488-89 (affirming trial court's striking of reply brief because party failed to request the necessary leave to file); *Jones v. Northcoast Behavioral Healthcare Sys.,* 84 F. App'x 597, 598-99 (6th Cir. 2003) (affirming trial court's striking of untimely memoranda of law).

Here, although Plaintiff filed a Motion on May 19, 2025, seeking an extension of time to oppose Defendants' Motion to Dismiss, ECF No. 73, his Motion failed to state any duration for the request, nor did it give any reason for the need other than referring to an issue that had since been resolved. Unsurprisingly, the Court denied the same in a non-document Order on May 20, 2025.

Accordingly, once the Court denied Plaintiff's Motion for an extension of time, pursuant to Rule 12(a)(4)(A), he had only fourteen days thereafter, until June 3, 2025, by which to file his Opposition. Because Plaintiff belatedly filed his Opposition on June 24, 2025, without first seeking leave to do so, not only should his Opposition be stricken, but also it should not be considered by the Court when ruling on Defendants' Motion to Dismiss. *Johnson v. Baptist Mem'l Health Care Corp.,* No. 2:18-cv-02509, 2019 U.S. Dist. Lexis 193524, at *6 (W.D. Tenn. 2019).

### *Allegations against Defendant Hensley*

In addition, there are significant substantive problems with Plaintiff's Opposition. For instance, although Plaintiff's Opposition alleges that Defendant Hensley misdiagnosed his bladder and prostate cancer, ECF No. 74, PageID 519, she is the prison's Health Care Administrator, not a doctor. ECF No. 74, PageID 519. As such, Defendant Hensley is not authorized to diagnose medical conditions or to prescribe treatments. *Blacker v. Desmarias*, Case No. 1:09-cv-346, 2010 U.S. Dist. LEXIS 67916, at *4 (S.D. Ohio 2020). Nor does the complaint contain any factual allegations indicating otherwise.

In addition, while the Complaint alleges that Defendant Hensley was "aware or should have been aware that Thompson was continuously experiencing bloody and painful urinations, having urinary tract infections, that urine tests indicated high levels of blood, protein, and ketones, and that Thompson had numerous nurse and doctor sick calls complaining of the above, among other issues," ECF No. 57, PageID 408, nowhere does it allege any facts suggesting that Defendant Hensley was personally responsible for any action or wrongdoing that injured the Plaintiff. Because personal responsibility is a prerequisite for liability under § 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009), the Complaint against Defendant Hensley should be dismissed.

### *Allegations against Defendant Newland*

The Plaintiff likewise alleges that Defendant Newland, a nurse practitioner at the Mansfield Correctional Institution, misdiagnosed his bladder and prostrate cancer. ECF No. 74, PageID 519. While Plaintiff contends that Defendant Newland "should have known and did know that further tests and treatment should have been performed on the plaintiff to eliminate any and all possibilities of the plaintiff having cancer," ECF No. 74, PageID 524, in so doing Plaintiff's claim

sounds in medical malpractice not deliberate indifference. Indeed, where a prisoner such as Plaintiff has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Westlake*, 537 F.2d at 860 n. 5; *Reed v. Speck*, 508 F. App'x 415, 419 (6th Cir. 2012) ("The subjective component is intended 'to prevent the constitutionalization of medical malpractice claims.'") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550)).

Plaintiff's Opposition states no facts sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Newland. On the contrary, Plaintiff's claim that Defendant Newland "should have" provided him with "further tests and treatments" are at best, state-law malpractice claims. Plaintiff's disagreement with Defendant Newland's medical care falls far short of supporting an Eighth Amendment claim. *See e.g., Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006). Accordingly, the Complaint against Defendant Newland should be dismissed.

### *Allegations against Dr. Ojukwu*

The Plaintiff similarly faults Defendant Dr. Ojukwu, a physician at the Mansfield Correctional Institution, alleging that he "should have given the plaintiff the benefit of the doubt and requested that the plaintiff be seen by a specialist." ECF No. 74, PageID 525. However, that is precisely what Defendant Dr. Ojukwu did do. ECF No. 57, PageID 411 (conceding that Defendant Dr. Ojukwu referred the Plaintiff to a specialist for a transurethral resection of the prostate procedure, but that the referral was denied). *Id.* Accordingly, the Complaint against Defendant Dr. Ojukwu should be dismissed.

### *Allegations Against Defendant Cardaras*

The Complaint also alleges that Defendant Cardaras, a nurse practitioner at the Ross Correctional Institution, failed to follow doctor's orders by denying Plaintiff "Ensure" and "Ultram," ECF No. 74, PageID 526, but nowhere are there any factual allegations suggesting that Defendant Cardaras, herself, treated Plaintiff, much less that she was responsible for any of the treatment decisions made respecting his medical care. Because personal responsibility is a prerequisite for liability under § 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009), the Complaint against Defendant Cardaras should be dismissed.

### *Allegations Against Defendant Wheeler*

The Complaint further alleges that Defendant Wheeler, a nurse practitioner at the Richland Correctional Institution, denied Plaintiff Ensure because his weight was not below an undefined level and there was no generic alternative readily available, denied him Ultram/Tramadol and gave him Tylenol instead, and failed to provide him with a sonar gram for a lump he claimed he discovered on his left testicle. ECF No. 57, PageID 414. Yet, nowhere does the Complaint contend that Plaintiff lost weight, that his pain was not controlled with Tylenol, or even that he suffered any injury as the result of the lack of treatment he allegedly received for his left testicle lump. On the contrary, not only do Plaintiff's Complaint and Opposition demonstrate that Defendant Wheeler treated his condition, but also, they suggest no deliberate indifference. Rather, the claim that Defendant Wheeler "did know and was aware of the plaintiff's health problems and the higher risk possibilities of the life-threatening situations that the plaintiff could be in," ECF No. 74, PageID 527, is at best speculative, especially since there is no indication in any of his filings that Plaintiff did not get along just fine without his preferred treatment.  In sum, because Plaintiff's

claim respecting his medical care falls far short of supporting an Eighth Amendment claim, *e.g., Kosloski v. Dunlap*, 347 F. App'x 180; *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 357, the Complaint against Defendant Wheeler should be dismissed.

### *Allegations Against Defendant Cornwell*

The claim against Defendant Cornwell is essentially the same as the claim Plaintiff alleges against Defendant Wheeler, namely that she "acted with deliberate indifference because she knew, or should have known, that treatments and medications ordered by specialists were necessary, but refused to verify this fact and ignored orders from specialists regardless of the associated risks that she knew existed as a result of ignoring these orders." *Id.* Nevertheless, other than generally alleging that Defendant Cornwell is or should have been aware that Plaintiff has cancer, nowhere does the Complaint allege that Plaintiff suffered any injury because of any action or wrongdoing for which Defendant Cornwell was personally responsible. Accordingly, because personal responsibility is a prerequisite for liability under § 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009), the Complaint against Defendant Cornwell should be dismissed.

### *Conclusion*

It is well settled that "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). One cannot plausibly infer from the vague, general, and conclusory assertions set forth in the Plaintiff's Complaint that the Defendants were aware of, and consciously disregarded, a serious excessive risk to his health. Accordingly, his Complaint fails to allege any plausible claim for constitutional deliberate indifference and should be dismissed.

6

## LOCAL RULE 7.1(f) CERTIFICATION

I certify that to the best of my knowledge this case is on the Standard Track and the foregoing memorandum complies with Local Rule 7.1(f).

s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General

Respectfully submitted,

DAVE YOST
Ohio Attorney General

s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 644-7233/Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov

*Counsel for Defendants*

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendants' Motion to Strike and Reply to Plaintiff's Belated Opposition* has been electronically filed on June 26, 2025 and served upon Plaintiff via U.S. mail, postage prepaid at the below addresses:

> Lonnie Thompson, #A640-614
> Richland Correctional Institution
> P.O. Box 8107
> Mansfield, Ohio  44901

s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General