IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE THOMPSON, | ) | CASE NO. 1:23-CV-01656 |
| Plaintiff, *pro se*, | ) | |
| v. | ) | JUDGE PAMELA A. BARKER |
| JULIE HENSLEY, | ) | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Defendants. | ) | |

FILED
DEC 12 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## MOTION TO REOPEN DISCOVERY PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 26

Comes now, Lonnie Thompson, Plaintiff, *pro se*, who respectfully requests this Honorable Court to Re-Open the Discovery in the instant case pursuant to Fed. R. Civ. P. 26., and for the reasons set forth in the attached Memorandum in Support.

Respectfully submitted,

*/s/ Lonnie Thompson*

Lonnie Thompson, #640-614
Trumbull Correctional Institution
Post Office Box 901
Leavittsburg, Ohio 44430
Plaintiff, *pro se*

1

## **MEMORANDUM IN SUPPORT**

The Plaintiff has been for the last six (6) months experiencing a numerous amount of health ailments to have caused him to not to be able to meet the required dates set by this Court. These ailments and their side effects are from the required chemotherapy cancer treatments that leaves the Plaintiff lethargic for large amounts of time (days and mostly weeks) to recover from. Anyone who knows anyone who is or has undergone Chemotherapy for Cancer, knows this is a devastating, painful and ongoing event that takes away the strength and concentration of that person ability to function on everyday tasks let along the complete mind-set needed to litigate.

There is also the Grade 3 Trauma Head Concussion that the Plaintiff had on June 24, 2025 that the Court is well aware of due to the fact that the Plaintiff revealed this evidence when the Plaintiff filed for appointment of new counsel. The Plaintiff suffers from this concussion memory lost and/or lapses, blurriness in his eye sight and constant migraine headaches. These are not excuses but facts that the Plaintiff has to deal with every day since it happened.

Plaintiff is not trying to prolong this case out any longer than it is necessary but to allow the Plaintiff to have a fair and equal chance of presenting his case minus the unfortunate set-backs with the crisis in his health. This is not an attempt to burden the Court nor cause intentional delays for the counsel for the defense. These are merely the facts as to why the Plaintiff did not meet the last Discovery date.

There is a great amount of evidence that the Plaintiff needs to have admitted into the record or at the least, have a chance to be reviewed so that the Court can see and determine the facts in this case concerning each individual's participation. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Discovery has bounds, however,

2

and **[*6]** Rule 16(b)(3)(A) requires courts to issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. Meanwhile, Rule 16(b)(4) permits the court to modify its schedule for good cause and with the judge's consent," Fed. R. Civ. P., and courts have "broad discretion to manage [their] docket." *ACLU v. McCreary County, Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

In West v. Jindal, 2024 U.S. Dist. LEXIS 116648, Plaintiff's Motion to Re-Open Discovery: Analysis

**A. First *Gandalf* Factor**

As an initial matter the Court finds none of the reasons for requesting to re-open discovery are due to Plaintiff's neglect. *See Gandalf*, 165 Fed. App'x. at 431. Although Plaintiff does not appear to have noticed any depositions during the course of discovery, this is excusable where Plaintiff is an incarcerated individual who was litigating without the benefit of counsel. This Court has previously stated when discussing summary judgment that while this circuit provides no "special assistance" **[*7]** for *pro se* litigants, imprisoned *pro se* litigants are given more leniency. (*See* ECF No. 124, PageID.1457 (citing *United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003).) Plaintiff promptly moved to re-open discovery and take these depositions after counsel was appointed.

The discovery concerning document subpoenas to MDOC and U of M is likewise not due to Plaintiff's neglect. As discussed earlier, Plaintiff made written discovery requests for records from a U of M doctor and MDOC. (ECF No. 60; ECF No. 86; ECF No. 92; ECF No. 147-7, PageID.1702.) While the subjects of those previous discovery requests differ from those requested for re-

3

opening discovery, the requests in the Motion before the Court are not wholly unrelated.[3] Plaintiff pursued written discovery throughout this litigation to the same or related entities as now requested and on similar topics. (*See* ECF No. 92, PageID.709.) Accordingly, the need for additional discovery as requested in Plaintiff's instant Motion is not due to Plaintiff's neglect.

The Plaintiff knows that it is at the discretion of the Honorable Judge presiding to determine as to whether or not it was the movant's part of not diligently pursuing discovery and not to prejudice the non-movant. At no time during the Discovery did the Plaintiff not try to ascertain the necessary discovery needed.

## CONCLUSION

The Plaintiff prays that this Honorable Court finds this Motion to be WELL-TAKEN and GRANT this motion with an Order. That the Plaintiff has shown in good faith and in the interest and the fairness of justice.

Respectfully submitted,

*/s/ Lonnie Thompson*

Lonnie Thompson, #640-614
Trumbull Correctional Institution
Post Office Box 901
Leavittsburg, Ohio 44430
Plaintiff, *pro se*

**CERTIFICATE OF VERITY AND SERVICE**

I hereby certify, under penalty of perjury, that a copy of the foregoing Motion to Re-Open Discovery was sent for filing with the Clerk of the U.S. District Court via U.S. Mail on the same day that it was placed in the Trumbull Correctional Institutional mailbox and sent to Counsel for the Defendants, Ohio Attorney General, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215, this 4th day of December, 2025.

                                                            Lonnie Thompson #640-614